**AFFIRMED and Opinion Filed March 22, 2022**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

**No. 05-21-00279-CV**

**TOMMY SWATE, Appellant**
**V.**
**GAVIN P. LENTZ, Appellee**

**On Appeal from the 334th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2020-71150**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Reichek, and Goldstein
Opinion by Justice Reichek

Tommy Swate appeals the trial court's order granting Gavin P. Lentz's special appearance and dismissing Swate's claims against him. In two issues, Swate contends the trial court erred in determining he failed to plead sufficient jurisdictional facts and concluding the court did not have personal jurisdiction over Lentz. We affirm the trial court's order.

### Background

On October 28, 2020, Lentz sent a Demand Notice and Notice of Intention to Sue (the "Notice") to Swate, Swate's client, Dr. Orien Tulp, and Swate's co-counsel, William C. Reil. The Notice was sent from Lentz's office in Pennsylvania to (1)

Swate's office in Texas, (2) Tulp's office in Colorado, and (3) Reil's office in Pennsylvania. The Notice referenced two previous suits prosecuted in Pennsylvania by Swate and Reil on behalf of Tulp against Lentz's clients, the Educational Commission for Foreign Medical Graduates ("ECFMG") and Dr. William W. Pinsky. The record shows that both ECFMG and Pinsky are Pennsylvania residents.

The Notice asserted the suits filed by Swate, Tulp, and Reil, which were resolved in favor of ECFMG and Pinsky, were frivolous and an abuse of process. With respect to one of the suits, the Notice stated "[t]hat action was maliciously procured, initiated and continued without probable cause and/or in a grossly negligent manner and primarily for a purpose other than adjudication of the claims in the complaint." The Notice informed Swate, Tulp, and Reil that ECFMG and Pinsky intended to file suit against them alleging claims under Pennsylvania statutory and common law unless they agreed to mediation. Attached to the Notice was a draft complaint to be filed in the Court of Common Pleas of Philadelphia County.

Approximately one week later, Swate filed this action against Lentz in Harris County, Texas, alleging claims for business disparagement, interference with future business relationships, libel, and defamation. The asserted basis for the claims was the draft complaint sent by Lentz to Tulp and Riel. Swate's petition does not address Lentz's contacts with Texas or the trial court's jurisdiction over Lentz.

In response to the petition, Lentz filed a special appearance. Lentz argued that Swate's petition failed to allege any jurisdictional facts. In the alternative, Lentz argued the only possible contact he had with Texas was Swate's receipt of the Notice and complaint in Houston which, by itself, was insufficient to give rise to personal jurisdiction.

In support of his special appearance, Lentz filed a declaration in which he stated he did not live in Texas, but instead resided and practiced law in Pennsylvania. Lentz further stated he did not conduct any business in Texas, had not travelled to Texas in over twenty-three years, and had no business relationships in Texas other than hiring an attorney to represent him in this suit. Attached to the declaration was a copy of the Notice and complaint. According to Lentz, he sent the Notice and complaint in connection with a proceeding for which he was employed as an attorney in Pennsylvania, and the Notice was sent within the scope of that representation. Finally, Lentz stated it would be a significant personal and financial burden for him to litigate this suit in Texas.

Swate filed a response to the special appearance in which he argued, "[a] valid basis for jurisdiction exists because the Defendant's tortious actions were explicitly directed at a Texas attorney's office" and "Defendant's intentional conduct was aimed to injure Plaintiff in Texas." Swate further contended, "[t]he focal point of the defamatory claims and the harm suffered is Texas." Swate did not file an amended petition and did not submit any jurisdictional evidence.

On February 5, 2021, the trial court signed its order granting Lentz's special appearance and dismissing Swate's claims. In its findings of fact and conclusions of law, the court found Lentz sent correspondence to Swate regarding lawsuits filed in Pennsylvania and Swate's address "was the only Texas address/email to which the correspondence was sent." The trial court stated "[Swate's] live Petition at the time of the Special Appearance hearing did not allege facts supporting general or specific jurisdiction" and "did not reference the long-arm statute or any other jurisdictional statute." The court concluded that Lentz "did not have sufficient minimum contacts with Texas to confer jurisdiction on Texas Courts." Swate filed this appeal.

## Analysis

Whether the trial court has personal jurisdiction is a question of law. *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002). Where the relevant jurisdictional facts are undisputed, we consider only the legal question of whether the undisputed facts establish Texas jurisdiction. *Old Republic Nat'l Title Ins. Co. v. Bell*, 549 S.W.3d 550, 558 (Tex. 2018). In a challenge to personal jurisdiction, the plaintiff and the defendant bear shifting burdens of proof. *Id*. at 559. The plaintiff bears the initial burden to plead sufficient allegations to bring the non-resident defendant within the reach of Texas's long-arm statute. *Id*. If the plaintiff does this, the burden then shifts to the defendant to negate all alleged bases of jurisdiction. *Id*. The defendant can meet this burden by showing that, even if the

–4–

facts alleged by the plaintiff are true, these facts are legally insufficient to establish jurisdiction. *Id.*

The requirements of the Texas long-arm statute are satisfied if an assertion of jurisdiction accords with federal due process limitations. *Cornerstone Healthcare Grp. Holding, Inc. v. Nautic Mgmt. VI, L.P.*, 493 S.W.3d 65, 70 (Tex. 2016). A state's exercise of jurisdiction comports with federal due process if (1) the nonresident defendant has "minimum contacts" with the state, and (2) the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Id.* A defendant establishes minimum contacts with a forum when he purposefully avails himself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws. *Id.* Among the primary considerations underlying minimum contacts analysis is whether the defendant's contacts were "purposeful" rather than "random, isolated, or fortuitous." *Id.*

Swate argues that Texas has specific jurisdiction over Lentz based on Lentz sending Swate a demand notice from his law practice in Pennsylvania, as part of his representation of clients residing in Pennsylvania, about a possible lawsuit to be filed in Pennsylvania. Swate contends the Notice, which was also sent to Swate's client in Colorado and his co-counsel in Pennsylvania, constituted a tortious activity that was "purposely directed against a Texas law firm" and, therefore, Lentz's conduct "has a substantial connection with Texas."

The Texas Supreme Court has clearly stated that "a nonresident directing a tort at Texas from afar is insufficient to confer specific jurisdiction." *Montcrief Oil Int'l Inc. v. OAO Gazprom*, 414 S.W.3d 142, 157 (Tex. 2013). The facts of this case are substantially similar to those addressed in *Sussman v. Old Heidelburg, Inc.*, No. 14-06-00116-CV, 2006 WL 3072092 (Tex. App.—Houston [14th Dist.] Oct. 31, 2006, no pet.). In *Sussman*, a New York attorney representing a New York corporation sent a demand letter and draft complaint to a person in Texas who guaranteed a debt owed to the corporation. *Id*. at *1. The primary debtor filed suit in Texas alleging the lawyer had defrauded the guarantor and caused the debtor emotional distress. *Id*. The court concluded the non-resident lawyer had insufficient contacts with Texas to give rise to jurisdiction because all of the lawyer's actions were performed in his capacity as the attorney for a New York corporation litigating a lawsuit in New York on behalf of his client. *Id*. at *3. By sending a pre-suit demand letter, the lawyer did not avail himself of the benefits of conducting business in Texas and the receipt of the letter in Texas was merely fortuitous because the lawyer had no control over the location of the party that allegedly injured his client. *Id*.

Similarly, all of Lentz's actions were done in his capacity as a lawyer representing clients in litigation in another state. The fact that Swate resides in Texas is merely fortuitous. Indeed, the connection between Texas and the alleged harm at issue in this case is even more attenuated than in *Sussman*. Swate contends he was

–6–

injured primarily by the publication of the Notice and complaint to his client and co-counsel, neither of whom are located in Texas.

Because the facts pleaded by Swate, even if true, fail to establish personal jurisdiction over Lentz in Texas, we conclude the trial court properly granted Lentz's special appearance. We affirm the trial court's order.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

210279F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

TOMMY SWATE, Appellant

No. 05-21-00279-CV          V.

GAVIN P.  LENTZ, Appellee

On Appeal from the 334th District Court, Harris County, Texas
Trial Court Cause No. 2020-71150.
Opinion delivered by Justice Reichek. Justices Partida-Kipness and Goldstein participating.

In accordance with this Court's opinion of this date, the order of the trial court granting the amended/supplemental special appearance of GAVIN P. LENTZ is **AFFIRMED**.

It is **ORDERED** that appellee GAVIN P. LENTZ recover his costs of this appeal from appellant TOMMY SWATE.

Judgment entered March 22, 2022